IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Virginia Kendall |
| EMANUEL DAMERON | ) | |
| | ) | |
| | ) | No. 18 CR 815 |

**DEFENDANT'S POST TRIAL MOTIONS**

Defendant Emanuel Dameron, through his attorney HEATHER L. WINSLOW, moves this Court to set aside the jury's verdict. In the alternative, Mr. Dameron moves this Court to grant him a new trial. In further support of those motions, Mr. Dameron states the following:

**BACKGROUND**

In the late afternoon hours of July 5, 2018, Mr. Dameron was walking on the 6100 block of South King Drive. Unbeknownst to him, Chicago Police were conducting pole-cam surveillance of the same area, as it had been designated a high crime and narcotics area. Around 5:00 pm, officers targeted their pole-cam on Mr. Dameron, although they had no prior information about him, knowledge of his criminal history, or evidence of criminal activity.

Mr. Dameron was wearing jeans and a neutral-colored shirt. The shirt could not be seen through, and it covered his body to the hips. Nonetheless, officers in surveillance initially reported that they could see a bulge in the front of the shirt and, based on experience, believed that the bulge

1

was the handle of a gun.

After initially observing this bulge, the officers maintained surveillance of Mr. Dameron. He walked up and down the sidewalk, entered a corner store, and met with friends before boarding a CTA bus. At no time during their surveillance did officers observe Mr. Dameron commit any illegal activity. During the trial, the government's own witness, Jeremy Nash, admitted that no weapon could be seen under Mr. Dameron's shirt in up-close images of Mr. Dameron from the pole-cam recording.

Nonetheless, once Mr. Dameron was on the bus, officers from the Chicago Police Department boarded the bus and immediately seized Mr. Dameron. As soon as he was seized, the officers found a handgun tucked into the waistband area of his pants. A further search revealed a small amount of suspect cannabis.

Mr. Dameron was arrested and charged with possession of an illegal firearm as well as possession of narcotics. Following his arrest, Mr. Dameron was interrogated by officers and made certain incriminating statements with respect to the marijuana and the weapon. These statements were not admitted at trial.

Mr. Dameron was initially charged in the Cook County Circuit Court with Unlawful Use of a Firearm and possession of narcotics. His case was later "transferred" to this Court where he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Mr. Dameron pleaded not guilty and proceeded to trial before this Court on June 27, 2022. After a two-day trial, the jury returned a verdict of guilty as to the single count.

Mr. Dameron now moves this Court to set aside the jury's verdict. In the alternative, he moves this Court to grant him a new trial.

**Motion for Judgment of Acquittal**

Defendant first moves this Court for a motion for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29. He submits that the government's evidence at trial was insufficient for any reasonable jury to find beyond a reasonable doubt that he was in possession of a firearm after having been convicted of a crime punishable by more than a year imprisonment, a felony.

To prevail on a Rule 29 motion the defendant must show that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Mojica*, 185 F.3d 780, 789 (7th Cir. 1999) (citation omitted). Yet the defendant need not establish that no evidence at all supports the conviction, but rather that the evidence cannot support a finding of guilt beyond reasonable doubt. *Id.*; *See also United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994); *Jackson v. Virginia*, 443 U.S.307, 320 (1979) ("[I]t could not seriously be argued that . . . a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt."). In short, the defendant must show that the evidence does not permit a sensible person to find guilt beyond a reasonable doubt; a "mere modicum" of evidence is not enough.

Mr. Dameron submits that the Court's review of the evidence must establish that the government failed to present sufficient evidence to meet its burden of proof. The testimony of one of the two witnesses offered by the government raises serious concerns about whether the government met its burden of proof at trial. Specifically, Officer Jeremy Nash testified that he could not actually see the outline of a firearm beneath Mr. Dameron's T-shirt on the surveillance video. This testimony calls into doubt the ultimate recovery of the firearm. If officer Nash could not see the firearm in the surveillance video, and there was no other evidence to suggest that Mr.

Dameron had the firearm in his possession prior to the arresting officer boarding the CTA bus, has the government met its burden of proof to establish that Mr. Dameron actually possessed the firearm? Or is it mere speculation?

Officer Nash's testimony, and the lack of any corroboration for his earlier testimony that a weapon could be seen underneath Mr. Dameron's T-shirt, raises significant questions about whether the government has met its burden of proof as to the question whether Mr. Dameron was actually in possession of a firearm.

The inconsistent and uncorroborated evidence presented by the government does not amount to proof beyond reasonable doubt. Rather, the government has offered merely a modicum of evidence to prove its case, far less than is required under the Due Process Clause to the United States Constitution. Therefore, Mr. Dameron moves this Court to set aside the jury's verdict and enter a judgment of acquittal.

**Motion for a New Trial**

Mr. Dameron further moves this Court for a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 provides that the Court may "vacate any judgment and grant a new trial if the interest of justice so requires." In this case the interests of justice demand that the judgment be vacated, and a new trial ordered, because this Court allowed the government to introduce pole-cam footage over the defense objection.1

---

1 Mr. Dameron did not move to suppress the pole-cam footage before trial. Although this is the type of evidence that may warrant a motion to suppress, the state of the law currently precludes this Court from granting such a motion. The issue is raised here for the purposes of preserving the objection at trial.

The question whether the use of pole-cams violates an individual's expectation of privacy, and therefore the Fourth Amendment right to be free of unreasonable searches and seizures, was addressed by the Seventh Circuit in *United States v. Tuggle*, 4 F.4th 505 (7th Cir. 2021). In that case, the court concluded that the use of a pole-cam to observe Mr. Tuggle's front door over the course of eighteen months did not violate Mr. Tuggle's Fourth Amendment rights. However, the court expressed some concern about the increased use of intrusive technology by law enforcement. The court noted that even if surveillance via a pole-cam was permissible at this time, the use of such technology raises substantial privacy concerns. The Seventh Circuit suggested that the Supreme Court should revisit its previous decisions in cases such as *Katz v. United States,* 389 U.S. 347 (1967), which currently define the scope of personal expectations of privacy. As the use of technology now allows police officers to undertake a "search" without actually touching an individual or their property, the question of what expectation of privacy is reasonable is ripe for reconsideration.

Mr. Dameron submits that the use of pole cameras to observe the comings and goings of citizens on the street violates the Fourth Amendment protection against unreasonable searches and seizures. Therefore, the government's reliance on pole-cam surveillance at trial violated Mr. Dameron's Fourth Amendment rights, and his right to a fair trial by extension. Mr. Dameron moves this Court to set aside the verdict and grant him a new trial.

## CONCLUSION

WHEREFORE, Emanuel Dameron moves this Court grant to his motion for judgment of acquittal. In the alternative, Mr. Dameron moves the Court to grant his motion for a new trial and vacate the judgment of the jury and order a new trial as soon as practicable.

                                                      Respectfully submitted,

                                                      /S/ Heather L. Winslow
                                                      Heather L. Winslow
                                                      Attorney for Emanuel Dameron

HEATHER L. WINSLOW
53 West Jackson Blvd.
Chicago, IL   60604
(312) 721-4212

CERTIFICATE OF SERVICE

The undersigned, Heather L. Winslow, hereby certifies that the following document(s):

**DEFENDANT'S POST TRIAL MOTIONS**

was served on July 19, 2022, in accordance with FED.R.CIV.P.5, LR5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers, and if any, were sent by first-class mail or by hand delivery to non-ECF filers.