UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 815 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| EMANUEL DAMERON | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR A JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL**

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that this Court deny defendant Emanuel Dameron's motion for a judgment of acquittal and motion for a new trial. R.137.

I. **INTRODUCTION**

On June 28, 2022, a jury convicted defendant of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Defendant now asks this Court for a judgment of acquittal, or alternatively, a new trial, based on the following claims: (1) the evidence was insufficient to support his conviction; and (2) law enforcement's use of a pod camera to observe defendant violated the Fourth Amendment. For the reasons set forth below, the defendant's motion should be denied, and the jury's verdict should be upheld.

## II. SUMMARY OF EVIDENCE PRESENTED AT TRIAL

The evidence at trial established beyond a reasonable doubt that, on July 5, 2018, the defendant, knowing that he had previously been convicted of a felony, possessed a loaded firearm on a CTA bus.

During the trial, the government presented the testimony of two law enforcement officers. Officer Nash testified that on July 5, 2018, he observed the defendant, via pod camera, in the vicinity of the 6100 block of South Martin Luther King, Jr. Drive. Officer Nash testified that his attention was drawn to defendant by a bulge that he observed at the front of defendant's waistband. Suspecting that it might be a concealed weapon, Officer Nash testified that he observed the defendant's movements via the pod camera for several minutes before dispatching other officers to the scene to investigate further. As officers responded to defendant's location, Nash observed the defendant board a CTA bus and communicated the number and location of the bus to the responding officers.

Nash's testimony was corroborated by the pod camera footage, which he preserved. Consistent with Nash's testimony, the pod camera footage showed defendant walking around the 6100 block of South Martin Luther King, Jr. Drive, entering and exiting two nearby stores, walking around the area of the bus stop, and eventually boarding the CTA bus. The footage also showed the visible bulge at the front of defendant's waistband that Officer Nash observed.

The government also presented the testimony of Officer Brogsdale, the arresting officer. Officer Brogsdale testified that he responded to the location

described by Nash, i.e. the CTA bus on South King Drive, and entered the bus. Upon entering the CTA bus, Brogsdale observed defendant, who matched the description given by Nash, on the bus. Thus, Officer Brogsdale's testimony also corroborated Nash. After boarding the bus, Brogsdale testified that he approached defendant, observed a bulge in his front waistband, patted the area, felt the gun underneath, lifted his shirt, and removed a firearm from defendant's waistband.

Brogsdale's testimony was corroborated by his body worn camera footage, which showed Brogsdale entering the bus, showed defendant seated on the bus, and showed Brogsdale reach toward defendant's front waistband, lift his shirt, and pull the firearm from defendant's pants. In addition to showing Brogsdale's recovery of the gun, the video showed a clear image of defendant's face.

### III. DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL OR A NEW TRIAL

#### A. Legal Standard

In deciding a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29, a court does not re-weigh the evidence or judge the credibility of witnesses. *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013). Rule 29 provides in pertinent part that "[t]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A defendant making a sufficiency of the evidence challenge "bears a heavy burden and faces a nearly insurmountable hurdle." *United States v. Seawood*, 172 F.3d 986, 988 (7th Cir. 1999). A jury verdict may be overturned only where the record contains no evidence, viewed in the light most favorable to the government, from which a rational

trier of fact could find guilt beyond a reasonable doubt. *United States v. Valor*, 635 F.3d 271, 286 (7th Cir. 2011); *United States v. Rea*, 621 F.3d 595, 601 (7th Cir. 2010).

Rule 33 of the Federal Rules of Criminal Procedure states, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Courts have interpreted Rule 33 to require a new trial in the interests of justice in "a variety of situations" in which the "substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004), *overruled on other grounds*, 546 U.S. 12 (2005) (citation omitted). "[A] Rule 33 motion is not to be granted lightly," as it requires overturning a jury's verdict. *Eberhart*, 388 F.3d at 1048 (citation and internal quotation marks omitted). The Court should grant a motion for a new trial only if the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (internal citation omitted).

**B.  The Government Presented Sufficient Evidence to Support Defendant's Conviction.**

Defendant has failed to carry his burden of establishing that the evidence presented at trial was insufficient to support his conviction. Defendant argues, without a citation to the record, that Officer Nash testified that he "could not actually see the outline of a firearm beneath Mr. Dameron's t-shirt on the surveillance video." R. 137 at 3. Defendant argues that this testimony therefore "calls into doubt the ultimate recovery of the firearm," but does not explain how. *Id.* Defendant also states

4

without any citation to the record that Nash's testimony was contradicted by "earlier testimony that a weapon could be seen underneath Mr. Dameron's t-shirt." R. 137 at 4. Therefore, defendant argues, the government's evidence was insufficient to support the jury's finding that defendant possessed the firearm.[1] These arguments are without merit for several reasons.

First, defendant's unsupported assertions mischaracterize Officer Nash's testimony and the trial evidence. Nash testified that he observed a bulge at defendant's front waistband that he believed, based on his experience, could be a concealed firearm. He testified that he had observed similar bulges multiple times that turned out to be firearms. This testimony was not contradicted by his own statement or by the statement of any other witness. And it was corroborated by the pod camera footage, which showed a firm bulge like Officer Nash described, in the same location on defendant's body he described.[2]

---

[1] This appears to be the only aspect of the verdict that defendant argues is unsupported by the evidence. Indeed, the other elements of the offense – defendant's felon status, his knowledge of the same, and the involvement of the firearm in interstate commerce – were stipulated to.

[2] Setting aside defendant's mischaracterization of Officer Nash's testimony, defendant's claim that Officer Nash did not observe a firearm is not a trial issue—it is a suppression issue. Indeed, defendant made the same arguments Officer Nash's observations being insufficient to support reasonable suspicion in a suppression hearing held on July 29, 2021. (Dkt. 87.) The Court denied defendant's suppression motion, finding that Officer Nash and Officer Brogsdale's testimony was credible and that there was reasonable suspicion to perform an investigatory stop of Dameron. (Dkt. 90.) At trial, the government introduced Officer Nash's testimony to explain how officers became aware of defendant, not to prove that defendant possessed a firearm.

Second, defendant's argument completely fails to address the rest of the evidence at trial, including, importantly, Officer Brogsdale's recovery of the firearm from defendant's person. Brogsdale's testimony that he recovered the gun from defendant's person, taken in the light most favorable to government, is—alone—enough to support the jury's verdict. But Brogsdale's testimony is also corroborated by Nash's observations—Brogsdale found defendant on the same bus that Nash described, wearing the same clothing that Nash described. And Brogsdale found the gun on the same part of defendant's body where Nash described seeing the bulge, and where the bulge could be observed on the pod camera footage. Perhaps most importantly, Brogsdale's recovery of the gun from defendant was captured entirely on his body worn camera. Indeed, from the body worn camera footage alone, the jury was able to make its own determination that defendant possessed a firearm.

In sum, the testimony of both officers, the pod camera footage, and the body worn camera footage all consistently showed that defendant carrying a bulge, later determined to be a firearm, in the front waistband of his pants. Taking this evidence in the light most favorable to the government, it amply supported the jury's conclusion that defendant possessed a firearm on July 5, 2018.

**C. The Court Should Deny Defendant's Motion for a New Trial Under Rule 33.**

Defendant argues that he is entitled to a new trial because police officers' use of the pod camera to observe defendant violated the Fourth Amendment. First, pursuant to Fed. R. Crim. P. 12, alleged Fourth Amendment violations must be

6

asserted in a pre-trial motion to suppress evidence, not motions for post-trial relief. There is good reason for this. If defendant is allowed to raise a suppression issue post-trial and his motion is granted, then not only will the evidence be suppressed, but defendant will have the advantage of a second bite at the apple – the opportunity to re-try the case a second time, after seeing the government's case in chief and cross-examining the government's witnesses. Because defendant did not assert this claim in a pre-trial motion as required by Rule 12, it is waived and cannot be the basis for the Court to grant a new trial.

In addition, defendant's argument fails on its merits because it is directly contradicted by well-established law, as defendant acknowledges. In *United States v. Tuggle*, 4 F.4th 505 (7th Cir. 2021), cert. denied, 142 S. Ct. 1107 (2022), the Seventh Circuit held that law enforcement's installation and use of three pole cameras to observe the area outside a defendant's home for a period of 18 months did not violate the Fourth Amendment. The court reasoned that "[t]he expectation of privacy does not extend to '[w]hat a person knowingly exposes to the public, even in his own home or office.'" *Id.* at 514. Here, law enforcement used a single pod camera located at a public intersection, for a period of several minutes on one day, to observe the defendant's actions on a public thoroughfare, away from his home. Through the pod camera, police observed only what defendant displayed and knew could be observed by any other member of the public. There is no question under settled case law that this does not violate the Fourth Amendment.

## IV. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny defendant's motion for a judgment of acquittal and motion for a new trial.

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:   /s/ *Kelly L. Guzman*
    KELLY L. GUZMAN
    ELIE ZENNER
    Assistant United States Attorneys
    219 South Dearborn Street, Fifth Floor
    Chicago, Illinois 60604
    (312) 353-4092