UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EMANUEL DAMERON | No. 18 CR 815<br><br>Judge Virginia M. Kendall |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES of AMERICA, by and through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following memorandum in advance of defendant Emanuel Dameron's sentencing regarding the relevant factors under 18 U.S.C. § 3553(a) and the conditions of supervised release and requests a sentence of incarceration of 110 months' imprisonment.

**I.  BACKGROUND**

On July 5, 2018, defendant, a convicted felon, boarded a CTA bus with a loaded gun. Prior to boarding the bus, he loitered in the area of a CTA stop where other commuters waited, talked with friends, passed innocent bystanders on the street, and shopped at corner stores filled with patrons, with the gun tucked in his front waistband, concealed by his T-shirt, for quick and easy access. The gun defendant carried had an obliterated serial number and was loaded with live ammunition, ready to kill at one press of the trigger. Defendant knew that he was a convicted felon and that he was not allowed to possess a firearm, but he carried it anyway, at risk to everyone around him, until Chicago Police Department officers monitoring a pod

camera in that area saw the bulge the gun made in the defendant's clothes, went to his location, recovered the gun from his waistband, arrested him, and made it safe.

## II. THE GUIDELINES RANGE IS 110-120 MONTHS.

The government's position differs from the Probation Department in the application of the Armed Career Criminal Act. As described below, the government does not take the position that ACCA applies in this case and calculates the Guidelines Range as 110-120 months.

**Offense Level**. The government's position is that the base offense level is 24, pursuant to Guideline § 2K2.1(a)(2), because defendant committed this offense subsequent to two convictions for a crime of violence. Specifically, defendant has three prior convictions for robbery arising from two separate arrests. The base offense level is increased by four levels, pursuant to Guideline § 2K2.1(b)(4)(B), because the firearm involved in the offense had an obliterated serial number. Therefore, the total offense level is 28.

**Criminal History Category.** The government's position is that the defendant has 8 criminal history points and is in criminal history category IV. Defendant was arrested on May 13, 2010, for committing two separate robberies, with two separate victims (10 CR 1006801, 10 CR 1007101), on that same date. On June 11, 2010, defendant was arrested for a third robbery, which he committed previously, on May 4, 2010 (10 CR 1180201). On August 25, 2010, defendant was convicted of all three robberies and sentenced concurrently to boot camp. Defendant was later resentenced on violations (concurrently on all 3 cases) to sentences of 180 days in custody, then 4 years in prison.

2

Pursuant to Guideline Section 4A1.2(k)(1), the four years imposed on defendant's revocation of probation is added to the sentence originally imposed by the Court, resulting in a sentence of four years and 180 days for this felony conviction. Thus, defendant receives three criminal history points for the conviction in 10 CR 1006801, pursuant to Section 4A1.2(d)(1). Defendant's convictions for the second robbery on May 13, 2010 (10 CR 1007101) and the May 4, 2010 robbery (10 CR 1180201) also receive one criminal history point each, pursuant to Guideline Section 4A1.1(e), because those convictions are for crimes of violence.[1]

Defendant also receives one criminal history point for a May 31, 2011 conviction for manufacture/delivery of marijuana, for which he received 30 days' imprisonment; an April 19, 2013 conviction for possession of 10-30 grams of marijuana, for which he received two days' imprisonment; and a December 12, 2013 conviction for criminal trespass, for which he received 40 days' imprisonment. PSR ¶¶ 38, 39, 41. Thus, the government calculates that defendant has a total of eight criminal history points and is in criminal history category IV.

**Armed Career Criminal Act.** Defendant's three robbery convictions are crimes of violence as defined in the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e). Recently, however, in *Wooden v. United States*, the Supreme Court held that crimes of violence must be "committed on occasions different from one another" in

---

[1] The Government's Version calculated three criminal history points for the May 4, 2010 robbery in error. Although it was separated by an intervening arrest, defendant was arrested for the first offense *after* he committed the second offense. As a result, the sentences are counted as a single sentence under 4A1.2(a)(2), and the conviction receives only one point under Section 4A1.1(e) because it is a crime of violence.

3

order to qualify as predicate offenses for ACCA. *Wooden v. United States*, 142 S. Ct. 1063 (2022). In this matter, the jury did not determine that factual issue, and defendant has not admitted it. Therefore, the government does not take the position that the Armed Career Criminal Act applies.

**Guidelines Range.** Therefore, it is the government's position that the offense level is 28 and defendant's criminal history category is IV, resulting in a Guidelines Range of 110 to 137 months. Because there is a 120-month statutory maximum in this case, pursuant to Section 5G1.1(c), the Guidelines Range is 110 to 120 months.

### III. THE SECTION 3553(A) FACTORS MERIT A SENTENCE OF 110 MONTHS

The Sentencing Guidelines provide a starting point and initial benchmark for sentencing. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The "Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); see also *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010) (a "district court that sentences within the Guidelines necessarily gives weight and consideration to avoiding unwarranted disparities."). Although a sentence within the Guidelines is presumptively reasonable, *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), the court must consider the factors set forth in 18 U.S.C. § 3553(a), in determining an appropriate sentence. Here, the factors set forth at Section 3553 support a sentence of 110 months' imprisonment.

### A. Nature and Circumstances of the Offense and the Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Provide Just Punishment for the Offense

Possession of a firearm by a felon is a serious offense. Defendant possessed a loaded firearm on the streets of Chicago, and on a CTA bus with other unwitting passengers and innocent bystanders. The mere possession of a firearm can be a significant contributor to gun violence. Far too often, the prevalence of guns results in death or injury of innocent bystanders who are caught in the crossfire. Furthermore, guns in the hands of convicted felons, such as defendant, presents a particular risk to the community. As the Supreme Court has observed in enacting the felon-in-possession statute, "Congress determined that the ease with which firearms could be obtained contributed significantly to the prevalence of lawlessness and violent crime in the United States." *Huddleston v. United States*, 415 U.S. 814, 824 (1974). Indeed, "[o]nce the gun is in the defendant's hands he need only pull the trigger, an act which can be completed in a split second and which is controlled and influenced by nothing more than the defendant's whim." *United States v. Matthews*, 520 F.3d 806, 809 (7th Cir. 2008) (*quoting United States v. Lane*, 267 F.3d 715, 718 (7th Cir. 2001)). Defendant's possession of a firearm caused a real risk of harm to the community around him. To this point, he has failed to accept responsibility for his actions or express remorse for putting the community in danger.

**B. Defendant's History and Characteristics and the Need to Promote Respect for the Law and Provide Adequate Deterrence**

**1. Defendant's History and Characteristics**

Defendant grew up in what he described as a "tough" neighborhood, where he was exposed to gang activity and violence. PSR ¶ 64. He was not neglected or abused, but he did report a strained relationship with his stepfather during his childhood and he witnessed some domestic abuse. PSR ¶ 64, 65. Defendant has a serious criminal record, which began early in life. He has three prior convictions for crimes of violence—strongarm robbery—at age 17. These robberies involved taking cell phones from CTA patrons by force. PSR ¶¶ 35-37. The government notes that, although these convictions are treated as a single sentence under the Guidelines, they are three separate robberies of three different victims, on two different dates. They show a deliberate and determined pattern of conduct, not a one-time aberration or lapse in judgment. But for the order in which the arrests occurred, they would have been counted as separate sentences under Section 4A1.2, which would have raised his Guidelines Range. Defendant received a sentence to bootcamp for these three robberies, but violated his probation twice, resulting ultimately in a sentence of four years. Defendant also has prior convictions for manufacture/delivery of cannabis, possession of 10-30 grams of cannabis, two convictions for criminal trespass to land, and one for street gang contact while on parole, for which he received short sentences ranging from two to 40 days in custody.

### 2. The Need for the Sentence to Promote Respect for the Law and Provide Adequate Deterrence

Defendant has received multiple sentences of probation and imprisonment, including a prior sentence of 4 years' imprisonment, all of which have failed to deter defendant from further criminal conduct. Defendant's prior convictions and his violations of probation show a pattern of recidivism. The sentence given by the Court must be significant enough to deter defendant from continuing to commit crimes such as these, and from returning to crime after his release to probation, and to protect the community from the offenses that defendant might commit absent intervention. A sentence of 110 months is sufficient but not greater than necessary to promote respect for the law and to protect the public from further crimes by defendant.

### IV. GOVERNMENT'S PROPOSED TERMS OF SUPERVISED RELEASE

Two years of supervised release is appropriate to facilitate defendant's successful reentry into the community in light of, as explained above, the nature and circumstances of the offense, the history and characteristics of defendant, and the need to protect the public from further crimes of defendant.

No explanation is necessary for imposing the mandatory conditions of supervised release. *United States v. Bryant*, 754 F.3d 443, 445 (7th Cir. 2014). The Government requests that defendant be required to comply with the following mandatory conditions of supervised release set forth in Title 18, United States Code, Section 3583(d), and Guidelines Section 5D1.3(a):

- defendant shall not commit another federal, state, or local offense.

- defendant shall not unlawfully possess a controlled

7

substance.

- defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to Title 42, United States Code, Section 14135a(a).

- defendant shall refrain from possessing or using narcotic or controlled substances (as defined by Title 21, United States Code, Section 802), except as prescribed by a physician.

- defendant shall submit to one drug test within 15 days of release on supervised release. Thereafter, defendant shall submit to at least two periodic drug tests and up to a maximum of 104 drug tests per year.

- defendant shall pay the assessment imposed in accordance with Title 18, United States Code, Section 3013.

In order to facilitate the probation officer's supervision of defendant, the United States requests that defendant be required to comply with the following discretionary conditions permitted by Title 18, United States Code, Section 3583(d), and Guidelines Section 5D1.3(c):

- defendant shall follow the instructions of the probation officer.

- defendant shall not knowingly leave the judicial district in which he is being supervised without the permission of the Court or the probation officer.

- defendant shall report to the probation officer as directed by the Court or the probation officer.

- defendant shall permit the probation officer to visit him at home or work at any reasonable time and to confiscate any contraband in plain view of the officer.

8

- defendant shall notify the probation officer within 72 hours of a change in his residence, a change of employer, or a change of workplace.

- defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

In order to support defendant's rehabilitation and reintegration into the community and ensure that he is engaged in lawful pursuits rather than criminal activity, the United States requests that defendant be required to comply with the following discretionary conditions permitted by Title 18, United States Code, Section 3583(d), as well as by Guidelines Sections 5D1.3(c) and 5D1.3(d):

- defendant shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

- defendant shall participate, at the discretion of the probation officer, in an approved job skill training program within the first 60 days of supervision.

- If unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, defendant shall perform at least 20 hours of community service per week, at the discretion of the probation officer, until gainfully employed. If enrolled in a GED preparation course and unemployed, defendant shall perform at least 10 hours of community service per week, at the discretion of the probation officer, until gainfully employed. The amount of community service shall not exceed 200 hours.

- defendant shall work conscientiously at suitable employment or pursue conscientiously a course of study or vocational training that will equip him for suitable employment, unless excused by the probation officer.

- defendant shall not knowingly visit places where controlled substances are illegally distributed or used.

- defendant shall refrain from knowingly meeting or communicating with any person whom he knows to be engaged in, or planning to engage in, criminal activity.

- defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%) and drinking in dangerous situations, such as drinking while driving or operating machinery.

- defendant shall refrain from possessing or using narcotic or controlled substances (as defined by Title 21, United States Code, Section 802), except as prescribed by a physician.

- defendant shall participate, at the discretion of the probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

- defendant shall participate, at the discretion of the probation officer, in an anger management program.

In order to help ensure the safety of others, the United States requests that defendant be required to comply with the following discretionary condition permitted by Title 18, United States Code, Section 3583(d), and Guideline Section 5D1.3(d):

- defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

defendant is prohibited from possessing a gun as a felon. Therefore, this condition also promotes defendant's rehabilitation and enhances his compliance with the law.

10

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 110 months of imprisonment and 2 years of supervised release.

                                              Respectfully submitted,

                                              JOHN R. LAUSCH, JR.
                                              United States Attorney

By:   */s/ Kelly Guzman*
       KELLY GUZMAN
       Assistant United States Attorney
       219 S. Dearborn Street, Rm. 500
       Chicago, Illinois 60604
       (312) 353-5300

Dated: December 6, 2022